IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD SEIFERT,

Plaintiff,

v.

MICHAEL ASTRUE,
Commissioner of Social Security
Administration,

Defendant.

Civil No. 06-128-TC

ORDER

COFFIN, Magistrate Judge:

In a Findings & Recommendation dated March 23, 2007 (adopted on April 9, 2007), I reversed the Commissioner's administrative decision in this case and remanded for further proceedings. Thereafter, plaintiff filed an application and corrected application for fees and costs under the Equal Access to Justice Act ("EAJA") (#31 and #36).

## Discussion

Defendant objects to plaintiff's request for fees on several grounds: 1) plaintiff is not eligible for EAJA because he did not comply with the filing requirements of the statute within 30 days following final judgment; 2) defendant's position was substantially justified; 3) the hourly rate requested is

improper; and 4) the fee request is unreasonable due to the number of hours billed.

As to meeting the thirty day filing requirement for EAJA, plaintiff's failure to file an itemized statement with his timely filed fee petition appears to be due to a technological error, possibly caused by the court's ECF filing system. The matter was immediately addressed by plaintiff upon discovery and defendant was not prejudiced as he had access to an itemized statement prior to the date of the corrected filing. As such, the court exercises its discretion and finds plaintiff should be eligible for fees under EAJA in the circumstances of this case and defendant's argument in this regard should not be a basis for denying fees.

Defendant's argument that his position was substantially justified is not persuasive and should not be a basis for denying fees. See generally p.p. 5-7 of Plaintiff's Reply to Defendant's Amended Response (#41).

In response to plaintiff's third objection, plaintiff modified the hourly rate requested from $162.89 to defendant's suggested rate of $161.85.

Defendant's final contention is that the fee request is unreasonable due to the number of hours billed. As noted above, plaintiff has slightly adjusted the hourly rate requested. He has also slightly adjusted the number of hours billed. The original amount sought was $9,480.20. The current amount sought is $9,073.31, representing 56.06 hours at $161.85 an hour.

Defendant asserts that 56.06 hours is excessive and that billing for half of the original request, approximately 29 hours, would be more appropriate.

The court exercises discretion in awarding fees under EAJA. Hoa Hong Van v. Barnhart, 483 F.3d 600, 604 (9th Cir. 2007). The analysis in this context is governed by the Supreme Court decision in Hensley v. Eckerhart, 461 U.S. 424 (1983). Atkins v. Apfel, 154 F.3d 986, 988-89 (9th Cir.1998). The Hensley Court instructed: "The most useful starting point for determining the

amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. Any hours that were not "reasonably expended" must be excluded. Id. at 434. Counsel has an obligation to make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id.

Contrary to one of defendant's arguments, merely filing a reply in the circumstances of the underlying case was not excessive. However, billing a total of over 56 hours may or may not be excessive in the circumstances of this case.

There is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty. See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1215 n. 2 (N.D. Cal.2000) (listing cases); Nugent v. Massanari, 2002 WL 356656 (N.D. Cal 2002) (unpublished); but see Wirth v. Barnhart, 325 F. Supp. 2d 911 (E.D. Wis. 2004)(finding over 60 hours reasonable); and Embry v. Barnhart, 2003 WL 22478769 (N.D. Ill 2003) (unpublished) (rejecting 40 hour limit).

Plaintiff has not specifically addressed plaintiff's contention that this case did not present any unique or especially complex or novel issues. Before this court makes its recommendation, it would be prudent for the parties to confer with an eye towards settling the entirety of the fees in this action. If settlement negotiations are not successful, plaintiff shall have 30 days from today to make a filing specifically addressing defendant's aforementioned contention. Defendant shall have 11 days to reply.

## Conclusion

The parties in this action shall confer as set forth above. If this does result in a settlement, plaintiff shall have 30 days to make a filing as set forth above and defendant shall have 11 days

3 - ORDER

thereafter to reply.

The Clerk is directed to set plaintiff's application and corrected application for fees and costs (#31 and #36) on a not for oral argument calender 41 or more days from the issuance of this opinion.

DATED this \_\_9th\_\_ day of October, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

4 - ORDER